**Walter E. MEYER, suing on behalf of himself and all other common stockholders of St. Louis Southwestern Railway Company, Plaintiff,**

**v.**

**ST. LOUIS SOUTHWESTERN RAILWAY COMPANY, Defendant.**

No. 8327(2).

United States District Court
E. D. Missouri, E. D.

June 11, 1952.

Walter E. Meyer, New York City, pro se.

Shepley, Kroeger, Fisse & Shepley, St. Louis, Mo., for plaintiff.

John W. Murphy, St. Louis, Mo., Lackland H. Bloom, St. Louis, Mo., for defendant.

HULEN, Judge.

The question for ruling is—shall a state court proceeding, including as parties the parties in this case, be accepted as grounds for staying this proceeding until decision of the state court. Both cases involve the same substantive issue —rights of common and preferred stockholders to dividends declared by defendant.

Certain facts are not in dispute. Defendant declared a dividend on November 26th, 1951, in the sum of $370,648. On the same day an interpleader action was instituted in the state court, seeking an adjudication on the conflicting claims to the dividend between defendant's preferred and common shareholders. In the state case holders of both preferred and common stock were made parties, including the plaintiff in this case. By order of the state court the fund was deposited with that court and so remains. Plaintiff in the state court action asks that claimants to the fund be required to interplead. Representing preferred shareholders, defendant Southern Pacific Railroad filed answer in the state court on December 21, 1951. Two other answers were filed by preferred stockholders. This action was filed December 29, 1951. On January 9, 1952, the plaintiff in this

action, as a defendant in the state court action, on his own and as a class representative of substantial common stock interest, filed a motion to dismiss the state court action. On May 23, 1952, the circuit court overruled the motion to dismiss.

The state court opinion on order of dismissal reads:

"This Court is of the opinion that the sum of $370,648.00 involved in this suit was, on the 26th day of November, 1951, lawfully and irrevocably segregated from the assets of the plaintiff corporation; that this sum was validly declared a dividend and became 'a fund * * * trust estate, specific property * * * or res * * * within the jurisdiction of the court,' within the meaning of Section 506.160(1) R.S. Mo.1949; that by reason of the conflicting claims and interests of its shareholders then existing plaintiff was exposed to double or multiple liability and its action in interpleader falls properly within the provisions of Section 507.060 R.S.Mo. 1949; that by reason of plaintiff's domicile, the location of its offices, officers, and activities and the situs of said trust fund a determination by the Missouri courts of the issues involved in this cause is proper and preferable, and that the motion of defendant Walter E. Meyer to dismiss plaintiff's petition and to quash the publication of November 26, 1951, should in all respects be overruled."

In this action plaintiff seeks a declaratory judgment:

"1. That the declaration of the Board of Directors of St. Louis Southwestern on November 26, 1951, of a dividend of $1 per share on its preferred stock, is null and void.

"2. That the right of the preferred stockholders to dividends is limited to a noncumulative dividend of $5 per annum and no more; and

that all dividends in any year over and above a dividend of $5 on said preferred stock shall be declared and paid exclusively to the common stockholders; and

"3. That St. Louis Southwestern be permanently enjoined from paying said dividend of $1 on its preferred stock declared on November 26, 1951, and from thereafter paying any dividend on the preferred stock in excess of $5 in any year."

To determine the issues in the state court proceeding the basic issue in this case must be decided. Like issues of fact and law are present in both proceedings. The state court has held it has jurisdiction over the subject matter. It has control and custody of the fund in issue in the state court and involved directly in the proceeding in this court.

In opposition to motion to stay, plaintiff's brief includes an extensive argument on the merits of the controversy in the state court and which is applicable to the case in this court. Defendant here does not argue the merits of the case but does claim novel questions of Missouri law arising out of Missouri shareholders' contracts, and construction of Missouri statutes, "which has not been passed on by the Missouri court", are involved. The latter plaintiff disputes. The exact contract has not been passed on by any Missouri court. That there is an issue of law we have no doubt, whether it be original or interpretation of decisions.

■ This is a suit for a declaratory judgment, brought after another suit was instituted in the state court which presents the same issues between the same parties. Every reason of logic appeals to this Court to stay this proceeding until after a ruling by the Missouri court. The rulings of this court are not binding on the state court. The rulings of the state court are binding on this court. We might decide this case as in our judgment the law requires, yet the very "next day" the state court could

rule otherwise and our ruling would be a myth in so far as any benefit to the parties to this cause is concerned.

 One of the grounds upon which plaintiff urges us to proceed is the "jurisdictional infirmities" of the state court action. That question has been decided against plaintiff in the state court. It is a question of substantive law and we are not in a position to question the state court ruling.

Plaintiff's argument that "an interpleader suit" is ineffective as an adjudication of an indebtedness "to a non-resident who has not been personally served", applies to this case with the same degree of force, under the same circumstances. But the ruling in the interpleader suit will declare the law by which future suits, regardless of their character, on the same issue, will be decided.

Plaintiff argues "collusion of St. Louis Southwestern (plaintiff in the state court action) with Southern Pacific (a defendant in the state court action), its parent company, and the most important defendant in the suit." Plaintiff in this case is a defendant in the state court action. Degrees of "importance" of parties can have little value in determining the law of a case. However, we feel free to assume, knowing the counsel in the cases, that defendant Walter E. Meyer will be ably and fully represented in the state court action.

 The issues in this case are such that a ruling by the state court under the circumstances is preferable to a ruling by this court. To proceed with this action would tend to multiply law suits, increase expense of litigation and prolong the ultimate determination of the question at issue. The cause started in the state court, it has jurisdiction, the parties can there secure a final and binding decision on their rights which they cannot do here. A spirit of cooperation with that proceeding, rather than resistance should lead to a just, speedy and inexpensive determination of this controversy. To deny the motion to stay would not accomplish the same results.

Order

Motion of defendant to stay is sustained.